UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BYRON RICHARD** | * | **CIVIL ACTION NO. 6:11-0419** |
| **VS.** | * | **MAGISTRATE JUDGE HILL** |
| **ISLAND OPERATING CO., INC.** | * | **BY CONSENT OF THE PARTIES** |

*CONSOLIDATED WITH*

| | | |
|---|---|---|
| **JOSEPH FONTENOT** | * | **CIVIL ACTION NO. 11-2084** |
| **VERSUS** | * | **MAGISTRATE JUDGE HILL** |
| **APACHE CORP.** | * | **BY CONSENT OF THE PARTIES** |

### RULING ON MOTION TO CERTIFY

Pending before the Court is the Motion to Certify for Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Pending Interlocutory Appeal filed by third-party defendant, Fluid Crane & Construction Inc. ("Fluid Crane"), filed on February 6, 2015 [rec. doc. 103]. Defendant, Island Operating Co., Inc. ("Island Operating"), opposed the motion.[1]

### BACKGROUND

Fluid Crane filed motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) in both of these consolidated cases, arguing that the relevant Master Service Contract ("MSC") in effect in each of these cases does not obligate Fluid Crane to provide "*Marcel* coverage"[2] to Island Operating in either case and, further, that any such requirement would be null and void under the

---

[1] Counsel for IOC orally opposed the motion at the telephone status conference held on February 19, 2015. [rec. doc. 108].

[2] *Marcel v. Placid Oil Co.,* 11 F.3d 563 (5th Cir. 1994).

Louisiana Oilfield Anti-Indemnity Act ("LOAIA")[3]. On January 27, 2015, I issued a Ruling on Motions to Dismiss, denying the motions. *Richard v. Island Operating Co., Inc.*, 2015 WL 403155 (W.D. La. Jan. 27, 2015); [rec. doc. 100].

In the Motions to Dismiss, Fluid Crane argued that a literal reading of paragraph 14 of the MSC does not obligate Fluid Crane to provide additional insured coverage (*Marcel* coverage) for the subcontractors of XTO Energy, Inc. ("XTO"), Hunt Petroleum Corp., ("HPC") or Apache Corporation, such as Island Operating. Furthermore, XTO, HPC and Apache paid premiums to First Specialty Insurance Corporation ("First Specialty") to provide for additional insured coverage only for coverage for XTO, HPC and Apache but neither paid a premium for First Specialty to name Island Operating (or any other member of the XTO, HPC or Apache Groups) as additional insureds.

Island Operating argued that there was a missing link in the factual chain which precluded granting the motions to dismiss. Island Operating argued that there was an unquestioned obligation on the part of Fluid Crane to arrange for *Marcel* coverage in favor of the XTO, HPC and Apache Groups. Island Operating argued that the pleadings and attachments thereto did not answer the question of whether or not Fluid Crane, in fact, satisfied its contractual obligation, by which it warranted and represented, "that it has communicated with its insurer(s) regarding this provision of the Master Service Contract".

Citing *Marcel*, I found that Island Operating was correct, stating as follows:

> At this stage of the proceedings it is not known whether Fluid Crane fulfilled its obligation to make known to First Specialty the relevant provisions of the MSCs.

---

[3]La. R.S. 9:2780.

If so, and if it was the choice of XTO, HPC and/or Apache to pay premiums solely for coverage for themselves and not for the entire Group then it would appear that Fluid Crane may well have fulfilled its obligation under the MSCs. If First Specialty was not so notified by Fluid Crane, then Fluid Crane may well have breached its obligation under the MSCs. The answer to that question is beyond the pleadings and appears to be clearly an issue of fact to be determined through discovery.

In the instant Motion, Fluid Crane seeks to certify the Court's ruling "which recognizes a potential cause of action against a Louisiana subcontractor for its purported failure to procure or secure additional insured coverage (that is, *Marcel* coverage) in favor of another oilfield contractor, which Fluid Crane submits is contrary to the prohibitions codified by the Louisiana Legislature in La. R.S. 9:2780(g) of the Louisiana Oilfield Indemnity Act." [rec. doc. 103, p. 1].

## LAW AND ANALYSIS

An interlocutory appeal from a non-final order in a civil case is permissible when (1) the order involves "a controlling question of law," (2) there is "substantial ground for difference of opinion" on the question presented, and (3) an immediate appeal would "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *David v. Signal Intern., LLC*, – F.Supp.3d –, 2014 WL 5208353, at *1 (E.D. La. Oct. 14, 2014). The district court cannot certify an order for interlocutory appeal unless all three criteria are present. *David,* at *1 (*citing Aparicio v. Swan Lake*, 643 F.2d 1109, 1110 n. 2 (5th Cir.1981)). In determining whether certification is appropriate, the Court is mindful that interlocutory appeal is "exceptional" and "does not lie simply to determine the correctness of a judgment."

*Id.* (*citing Clark-Dietz & Associates-Engineers, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 68-69 (5th Cir.1983)).

As explained in the Ruling, the "question is beyond the pleadings and appears to be clearly an *issue of fact* to be determined through discovery." (emphasis added). Thus, the Order does not involve "a controlling question of law." Fact-review questions are inappropriate for § 1292(b) review. *Clark-Dietz*, 702 F.2d at 69.

For the foregoing reasons, the motion [rec. doc. 103] is **DENIED.**

Signed this 26th day of February, 2015, at Lafayette, Louisiana.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE